# Exhibit A



# Notice of Service of Process

RXT / ALL
Transmittal Number: 14970089
Date Processed: 03/29/2016

| | |
|---|---|
| **Primary Contact:** | Service Process Team 3-11-309<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Copy of transmittal only provided to:** | Cassandra Struble<br>Rebecca Lewis<br>Kevin Jones |
| **Entity:** | Nationwide General Insurance Company<br>Entity ID Number  3286564 |
| **Entity Served:** | Nationwide General Insurance Company |
| **Title of Action:** | Adnan Bojorquez vs. Nationwide General Insurance Company |
| **Document(s) Type:** | Notice and Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County Court, Texas |
| **Case/Reference No:** | 1075071 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 03/29/2016 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Matthew Zarghouni<br>346-980-6600 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com



**STAN STANART**
COUNTY CLERK, HARRIS COUNTY, TEXAS
COUNTY CIVIL COURTS DEPARTMENT

DELIVERED
3/29/16
By MT-GCHTZIS
Austin Process, LLC

Docket Number: 1075071

Receipt Number: OOC     No Sheriff/Constable Fee Collected

ADNAN BOJORQUEZ
**Plaintiff**
VS.
NATIONWIDE GENERAL
INSURANCE COMPANY ET AL
**Defendant**

In The County Civil Court at Law No. One (1)
201 Caroline / Suite 500
Houston, Harris County, Texas 77002

## THE STATE OF TEXAS
## ORIGINAL PETITION – DISCLOSURES CITATION

TO: NATIONWIDE GENERAL INSURANCE COMPANY, is a corporation may be served by serving its registered agent, Corporation Service Company,
211 East 7th Street, Suite 620,
Austin, Texas 78701

Attached is a copy of petition with discovery attached.
This instrument was filed on the 15th day of March, 2016, in the above cited cause number and court. The instrument attached describes the claim against you.

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the county clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Issued and given under my hand and the seal of said court, at Houston, Texas, on this 17th day of March, 2016.

(SEAL)

STAN STANART, County Clerk
County Civil Court at Law No. One (1)
201 Caroline, Suite 300
Harris County, Texas

_____
Guillermo Gomez
Deputy County Clerk

REQUESTED BY:   MATTHEW ZARGHOUNI
                4669 SOUTHWEST FWY #575
                HOUSTON, TEXAS 77027

P.O. Box 1525 ● Houston, TX 77251-1525 ● (713) 755-6421
www.cclerk.hctx.net

Form No. H-01-199 (Rev. 03/21/2012)                                   Page 1 of 1

## OFFICER'S RETURN

Came to hand on _____, at _____ o'clock __.M. and executed in _____ County, Texas, by delivering to each of the within named Defendants, in person, a true copy of this Citation together with the accompanying copy of the Plaintiff's petition, at the following time and places to-wit:

| NAME | DATE | | | TIME | PLACE OR ADDRESS OF SERVICE |
|---|---|---|---|---|---|
| | Month | Day | Year | Hour / Min. - AM/PM | |
| | | | | | |
| | | | | | |
| | | | | | |

and not executed as to the Defendant _____

_____

the diligence used in finding said Defendant, being _____

_____

and the cause of failure to execute this process is: _____

and the information received as to the whereabouts of the said Defendant, being: _____

_____

_____(Sheriff)
(Authorized Person)                                                                                      (Constable)
Sworn to and subscribed before me this _____ day _____ County, Texas

of _____

By _____, Deputy
(Notary Public)

_____

### RETURN FOR NOTICE TO SERVE NON-RESIDENT DEFENDANT

STATE OF _____ §

COUNTY OF _____ §

Before me, the undersigned authority, personally appeared _____,
a person competent to make oath, and who by me being duly sworn, deposes and says; that this notice came to hand on _____
_____, at _____ o'clock A.M./P.M., and executed by delivering
to defendant, _____, in person, at _____
in _____, County _____, State of
_____, on _____, at _____ o'clock
A.M./P.M., a true copy of the notice, with a copy of plaintiff's petition attached thereto. He further says that he is in no manner interested in this Suit.

_____

Sworn to and subscribed before me,

_____.

_____(Sheriff)
(Constable)
_____, County,

State of _____

By _____ Deputy

Form No. H-01-28 (Rev. 08/01/2011)

FILED
3/15/2016 5:37:05 PM
Stan Stanart
County Clerk
Harris County

CAUSE NO. 1075071

COPY

| | | |
|---|---|---|
| ADNAN BOJORQUEZ | § | IN THE COUNTY COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| NATIONWIDE GENERAL INSURANCE COMPANY AND KEVIN SMITH | § | |
| | § | 1 |
| Defendants. | § | ___ COUNTY COURT AT LAW |

**PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ADNAN BOJORQUEZ ("Plaintiff"), and files this **Plaintiff's Original Petition** complaining of NATIONWIDE GENERAL INSURANCE COMPANY ("NATIONWIDE") and KEVIN SMITH ("SMITH"), (or collectively, "Defendants"), and for cause of action, Plaintiff would respectfully show the following:

### A. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 1 of Texas Rules of Civil Procedure 190.2 and 169.

### B. PARTIES

2. Plaintiff, ADNAN BOJORQUEZ, is an individual residing in HARRIS County, Texas at 7023 Sharpcrest St, Houston, Texas 77074.

3. Defendant, NATIONWIDE GENERAL INSURANCE COMPANY, is a corporation doing business in the State of Texas, and may be served with process by serving its registered agent, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin Texas

78701.

4. Defendant, KEVIN SMITH, is an adjuster in the course and working scope of employment with NATIONWIDE. SMITH can be served at the residential address listed with the Texas Department of Insurance: PO BOX 206, Marble Falls, Texas 78654-0206. Plaintiff requests service at this time.

## C. JURISDICTION

5. The Court has jurisdiction over NATIONWIDE because NATIONWIDE engages in the business of insurance in the State of Texas, and the causes of action arise out of its business activities in the State of Texas, including those in HARRIS County, Texas, with reference to this specific case.

6. The Court has jurisdiction over SMITH because he is a resident of the State of Texas who engages in the business of adjusting insurance claims in the State and Texas, and the causes of action arise out of his business activities in the State of Texas, with reference to this specific case.

## D. VENUE

7. Venue is proper in HARRIS County, Texas, because the insured property is situated in HARRIS County, Texas. Tex. Civ. Prac. & Rem. Code §15.032.

## E. CONDITIONS PRECEDENT

8. All conditions precedent to recovery have been performed, waived, or have occurred.

## F. AGENCY AND *RESPONDEAT SUPERIOR*

9. Whenever in this petition it is alleged that NATIONWIDE did any act or omission, it is meant that NATIONWIDE itself or its agents, officers, servants, employees, or representatives

did such act or omission, and it was done with the full authorization or ratification of NATIONWIDE or done in the normal routine, course and scope of the agency or employment of NATIONWIDE or its agents, officers, servants, employees, or representatives.

## G. FACTS

10. Plaintiff is a named insured under a property insurance policy number 7842HO715327 (the "Policy") issued by NATIONWIDE. The Policy insures, among other things, against losses from storm damage to Plaintiff's property, namely, the real property and improvements located at 7023 Sharpcrest St, Houston, Texas 77074 (the "Property").

11. On or about October 24, 2015 during the policy period, a storm caused covered damage to the Property. The storm caused extensive damage to the roof, ceilings and fence.

12. Shortly after the storm, Plaintiff noticed damage to his home. Plaintiff contacted NATIONWIDE to notify NATIONWIDE of the damage.

13. Plaintiff submitted a claim, claim no. 1024201501, with NATIONWIDE against the policy for all roof damage, structural damage, water damage, and wind damage the Property sustained as a result of the storm.

14. Plaintiff asked that NATIONWIDE honor its contractual obligations to cover the cost of repairs to Plaintiff's home.

15. NATIONWIDE assigned Smith to adjust the Claim. Defendants, NATIONWIDE and Smith, conducted a substandard investigation of Plaintiff's claim, failed to thoroughly investigate Plaintiff's losses, and spent an inadequate amount of time on the investigation. Smith failed to fully inspect any damage to the property.

16. Despite obvious visible storm damage, Smith, on his own behalf and on behalf of NATIONWIDE verbally misrepresented to Plaintiff at the time of the inspection that the Property

had minimal wind damage. Smith repeated this misrepresentation, again on his own behalf and on behalf of NATIONWIDE, in a letter to Plaintiff dated January 9, 2016.

17. Together, Defendants NATIONWIDE and Smith set out to deny properly covered damages by performing a results-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

18. Defendant NATIONWIDE failed to perform its contractual obligation to adequately compensate Plaintiff under the terms of the policy. All conditions precedent to recovery upon the policy have been performed by Plaintiff. NATIONWIDE's conduct constitutes a breach of the insurance contract between NATIONWIDE and Plaintiff.

19. Even though Plaintiff's property sustained obvious damages caused by a covered occurrence, Defendants misrepresented to Plaintiff that the Policy provided coverage to Plaintiff for some of the damage, thus falsely claiming Plaintiff's home had not been damaged. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

20. Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

21. Defendants refused to adequately compensate Plaintiff under the terms of the Policy even though they failed to conduct a reasonable investigation of the claim. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §542.060(a)(7).

22. Defendants failed to offer Plaintiff a reasonable explanation for why his claim was being denied. This conduct violated the Texas Insurance Code, Unfair Settlement Practices. TEX.

4

INS. CODE §541.060(a)(3).

23. Defendant, NATIONWIDE, failed to timely acknowledge Plaintiff's claim, begin an investigation of the claim, and request all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of the claim. This conduct violated the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

24. Defendant, NATIONWIDE, failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all the necessary information. This conduct was a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

25. Defendant, NATIONWIDE, has delayed full payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff has not received full payment for his claim. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

26. Since the time Plaintiff's claim was presented to Defendant NATIONWIDE, the liability of NATIONWIDE to pay the full claim in accordance with the terms of the Policy has been reasonably clear. Nevertheless, NATIONWIDE has refused to pay, despite there being no basis on which a reasonable insurance company would have relied to deny the claim. This conduct is a violation of NATIONWIDE's duty of good faith and fair dealing.

27. All Defendants knowingly or recklessly made false representations, as described above, as to material facts. Alternatively, all Defendants knowingly concealed all or part of material information from Plaintiff.

28. To date, Plaintiff has yet to receive full payment for the damages to which Plaintiff is entitled under the Policy. Plaintiff has suffered damages as a result of Defendants' actions described above. The mishandling of Plaintiff's claim also caused a delay in Plaintiff's ability to fully repair his property, resulting in additional damages.

## H. CAUSES OF ACTION

i. **BREACH OF CONTRACT (AGAINST NATIONWIDE)**

29. Defendant NATIONWIDE had a contract of insurance with Plaintiff. Plaintiff met or performed all conditions precedent under the contract. NATIONWIDE breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

30. Defendant NATIONWIDE is therefore liable to Plaintiff for breach of contract.

ii. **PROMPT PAYMENT OF CLAIMS STATUTE (AGAINST NATIONWIDE)**

31. The Claim is a claim under an insurance policy with Defendant NATIONWIDE, of which Plaintiff gave NATIONWIDE proper notice. NATIONWIDE is liable for the Claim.

32. Defendant NATIONWIDE violated the prompt payment of claims provisions of the Texas Insurance Code, namely, section 542.051 et seq., by:

33. Failing to acknowledge or investigate the claim or to request from Plaintiff all items, statements, and forms NATIONWIDE reasonably believed would be required within the time constraints provided by Tex. Ins. Code § 542.055; Failing to notify Plaintiff in writing of its acceptance or rejection of the Claim within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or Delaying payment of the Claim following NATIONWIDE'S receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

34. Defendant NATIONWIDE is therefore liable to Plaintiff for damages. In addition to Plaintiff's claim for damages, Plaintiff is further entitled to 18% interest and attorneys' fees as set forth in section 542.060 of the Texas Insurance Code.

iii. **UNFAIR SETTLEMENT PRACTICES/BAD FAITH (AGAINST ALL DEFENDANTS)**

6

35. Each of the foregoing paragraphs is incorporated by reference in the following.

36. As explained further herein, Defendants violated Tex. Ins. Code § 541.060(a) by engaging in unfair settlement practices.

### DEFENDANT NATIONWIDE

37. Defendant NATIONWIDE engaged in unfair settlement practices by:

38. a. misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue; failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after NATIONWIDE'S liability had become reasonably clear; failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for NATIONWIDE'S denial of a claim or offer of a compromise settlement of a claim; failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

39. Each of the aforementioned unfair settlement practices was committed knowingly by Defendant NATIONWIDE and was a producing cause of Plaintiff's damages. NATIONWIDE is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff damages.

### DEFENDANT SMITH

40. Defendant Smith was a contractor and/or adjuster assigned by NATIONWIDE to assist with adjusting the Claim. Smith was charged with investigating the Claim and communicated with the insured about the Policy terms. Insurance adjusters are "persons engaged in the business of insurance" under Tex. Ins. Code 541.001, et seq., and are individually liable for their individual violations of the Texas Insurance Code. *See Liberty Mut. Ins. Co. v. Garrison*

*Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998).

41. Smith was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's Claim, including the discovery of covered damages and fully quantifying covered damages to Plaintiff's Property.

42. Smith conducted a substandard, results-oriented inspection of the Property.

43. As such, Smith failed to discover covered damages and/or fully quantify covered damages to Plaintiff's Property, as the Policy and Texas law require.

44. Further, Smith misrepresented material facts to Plaintiff, that is, the existence and true value of Plaintiff's covered losses. Additionally, Smith failed to provide Plaintiff with a reasonable explanation as to why Smith was not compensating Plaintiff for the covered losses, or the true value thereof.

45. Thus, Smith engaged in unfair settlement practices by: misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue; failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after NATIONWIDE'S liability had become reasonably clear; failing to promptly provide Plaintiff with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for its adjuster's denial of a claim or offer of a compromise settlement of a claim; and/or failing to conduct a reasonable investigation of Plaintiff's Claim. Each of the aforementioned unfair settlement practices was committed knowingly by Smith and was a producing cause of Plaintiff's damages. Smith is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff damages.

iv. **DTPA (AGAINST ALL DEFENDANTS)**

46. Each of the foregoing paragraphs is incorporated by reference here fully.

47. At all material times herein, Plaintiff was a "consumer" who purchased insurance products and services from Defendants, and the products and services form the basis of this action.

48. Defendants have violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in at least the following respects:

49. Defendants represented the Policy confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law; Defendants represented goods, products, or services had sponsorship, approval, characteristics, uses, benefits, or quantities they do not have; Defendants failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce Plaintiff into a transaction Plaintiff would not have entered into had the information been disclosed; Defendants, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that Defendants took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code; generally engaging in unconscionable courses of action while handling Plaintiff's claim; and/or violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

50. As a result of Defendants' violations of the DTPA, Plaintiff suffered actual damages, and such violations were a producing, actual, and proximate cause of Plaintiff's damages. Therefore, Defendants are liable to Plaintiff for violations of the DTPA.

51. Further, Defendants knowingly and/or intentionally committed the acts complained of herein. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA

and Texas Insurance Code § 541.152(a)-(b).

### v. BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING AGAINST NATIONWIDE

52. Defendant NATIONWIDE breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when NATIONWIDE knew or should have known liability was reasonably clear. NATIONWIDE'S conduct proximately caused Plaintiff damages.

53. Defendant NATIONWIDE is therefore liable to Plaintiff.

### vi. ATTORNEYS' FEES

54. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

55. Plaintiff is entitled to recover reasonable and necessary attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

56. Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorney's fees pursuant to Tex. Bus. & Com. Code § 17.50(d).

57. Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorneys' fees pursuant to sections 541.152 and 542.060 of the Texas Insurance Code.

### I. KNOWLEDGE

58. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff' damages described herein.

## J. DAMAGES

59. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

60. As previously mentioned, the damages caused by the October 24, 2015 hailstorm and/or windstorm have not been properly addressed or repaired in the months since the Storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

61. For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

62. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

63. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

64. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

65. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

66. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## K. STATEMENT OF RELIEF AND DAMAGES

67. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff is seeking monetary relief of less than $100,000, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees. A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiff also seek pre-judgment and post-judgment interest at the highest legal rate.

## L. RESERVATION OF RIGHTS

68. Plaintiff reserves the right to prove the amount of damages at trial. Plaintiff reserve the right to amend this petition to add additional counts upon further discovery and as the investigation continues.

## M. JURY DEMAND

69. Plaintiff hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in HARRIS County, Texas. Plaintiff hereby tenders the appropriate

jury fee.

## N.  REQUEST FOR DISCLOSURE

70. Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 194.2.

## O.  PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon trial hereof, said Plaintiff has and recover such sum as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorneys' fees for the trial and any appeal of this case, for all costs of Court on Plaintiff's behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff is justly entitled to.

Respectfully submitted,
**FOMBY & ZARGHOUNI LLC**

*/s/Matthew M. Zarghouni*
Matthew Zarghouni
State Bar No. 24086085
4669 Southwest Fwy Suite 575
Houston, Texas 77027
P:(346) 980-6600
F:(832) 448-9149
Matt@fozalaw.com

**ATTORNEY FOR PLAINTIFF**

# CIVIL PROCESS REQUEST FORM

> FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
> FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

**CASE NUMBER:** 1075071    **CURRENT COURT:** Harris County County Court

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Citattion & Petition

**FILE DATE OF MOTION:** 3/15/2016
Month/ Day/ Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. **NAME:** NATIONWIDE GENERAL INSURANCE COMPANY
   **ADDRESS:**
   **AGENT,** (*if applicable*): Corporation Service Company, at 211 East 7th Street, Suite 620, Austin Texas 78701.

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

**SERVICE BY** (*check one*):
- [ ] ATTORNEY PICK-UP
- [ ] CONSTABLE
- [x] CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____
- [ ] MAIL
- [ ] CERTIFIED MAIL
- [ ] PUBLICATION:
   Type of Publication:
   - [ ] COURTHOUSE DOOR, or
   - [ ] NEWSPAPER OF YOUR CHOICE: _____
- [ ] OTHER, *explain* _____

**ATTENTION: Effective June 1, 2010**

For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back. Thanks you,

*******************************************************************************

2. **NAME:** Kevin Smith
   **ADDRESS:** _____
   **AGENT,** (*if applicable*): Texas Department of Insurance: PO BOX 206, Marble Falls, Texas 78654-0206.

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

**SERVICE BY** (*check one*):
- [ ] ATTORNEY PICK-UP
- [ ] CONSTABLE
- [ ] CIVIL PROCESS SERVER - Authorized Person to Pick-up: Santiago Legal Servicing   Phone: _____
- [ ] MAIL
- [x] CERTIFIED MAIL
- [ ] PUBLICATION:
   Type of Publication:
   - [ ] COURTHOUSE DOOR, or
   - [ ] NEWSPAPER OF YOUR CHOICE: _____
- [ ] OTHER, *explain* _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

**NAME:** Matthew Zarghouni    **TEXAS BAR NO./ID NO.** 24086085

**MAILING ADDRESS:** 4669 Southwest Freeway, Suite 575, Houston, Texas 77027

**PHONE NUMBER:** 346-980-6600    **FAX NUMBER:** (832) 448-9149
area code    phone number    area code    fax number

**EMAIL ADDRESS:** matt@fozalaw.com

Page 1 of 2

> \* SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION. FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE.
> SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
\_\_\_\_\_ AMENDED PETITION
\_\_\_\_\_ SUPPLEMENTAL PETITION

COUNTERCLAIM
\_\_\_\_\_ AMENDED COUNTERCLAIM
\_\_\_\_\_ SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
\_\_\_\_\_ AMENDED CROSS-ACTION
\_\_\_\_\_ SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
\_\_\_\_\_ AMENDED THIRD-PARTY PETITION
\_\_\_\_\_ SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
\_\_\_\_\_ AMENDED INTERVENTION
\_\_\_\_\_ SUPPLEMENTAL INTERVENTION

INTERPLEADER
\_\_\_\_\_ AMENDED INTERPLEADER
\_\_\_\_\_ SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:
   ORDER TO: _____
                               (specify)
   MOTION TO: _____
                               (specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

S:\FormsLib\Civil Bureau\Civ Fam Intake & Customer Svc\Civintake\Civil Process Request Form                                                            Rev. 5/7/10